STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRISTOFFER LEE (CABN 280360)
Assistant United States Attorney
DANIEL N. KASSABIAN (CABN 215249)
Special Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5095
    FAX: (408) 535-5081
    christoffer.lee@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-00345 BLF |
| Plaintiff, | MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION |
| v. | |
| FELIPE MUNOZ aka Shark et al., | |
| Defendant. | |

**I.**     **SYNOPSIS**

On or about August 15, 2017, Defendant Felipe Munoz aka Shark sold approximately 110 grams net (3.88 oz.) of pure methamphetamine. Accordingly, a grand jury has indicted him for a single count of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)—Possession with Intent to Distribute and Distribution of 50 Grams and More of Methamphetamine. Additionally, on July 23, 2021, Defendant illegally possessed a rifle (with a shortened barrel), which Defendant was prohibited from possessing due to prior felony convictions. A grand jury indicted Defendant for a single count of 18 U.S.C. § 922(g)(1)—Felon in Possession of a Firearm.

The Government moves for pretrial detention—Defendant cannot overcome the presumption in this case that no condition, or combination of conditions, exists that will reasonably assure the appearance of the person and safety of the community.

Defendant is a risk of non-appearance. In July 2021, Defendant absconded from proceedings in Santa Clara County Superior Court while on pretrial supervision, after having been arrested for and charged in state court with possession of the sawed-off rifle (now indicted federally). He was apprehended in September, then remained in state custody, subject to bail, until his transfer in-custody for this case. The Court should decline Defendant's invitation to release him when facing federal charges for the same conduct for which he previously fled state charges and violated his state pretrial release terms. Nor is this a one-time lapse in judgment: Defendant also has had at least four bench warrants issued by judges of the Santa Clara Superior Court in the past three years alone.

Defendant also is a danger to the community. Defendant has numerous state felony convictions related to violent assault and controlled substances for sales. In 2017, Defendant was convicted of Penal Code section 245(a)(4)—felony assault with possible great bodily injury, for an assault while he was incarcerated for another crime, and was sentenced to four years in state prison (suspended sentence). In 2013, he was convicted of carrying a dirk/dagger and sentenced to 180 days in county jail. He was also convicted twice of possession of methamphetamine and cocaine for sale, once with an enhancement for doing so while armed. When Defendant committed the offense alleged in Count 1 of the indictment by selling approximately 110 grams of pure methamphetamine, he was on at least one grant of probation. And when Defendant committed the offense in Count 2, by unlawfully possessing a short barrel rifle in a public road in July 2021, he was also on probation.

As demonstrated below, no condition or combination of conditions will reasonably assure Defendant's appearance at future court proceedings or assure the safety of the community. Defendant cannot rebut the presumption and show otherwise. Accordingly, the Court should order Defendant's pretrial detention.

## II.   LEGAL STANDARDS

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required

and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a risk of non-appearance; it is not necessary to prove both.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  Section 3142(e) contains a rebuttable presumption that applies here because (1) the indicted charge is contained in 21 U.S.C. §§ 801 *et seq*. and (2) the indicted charge has a maximum term of imprisonment of at least 10 years.  Thus, it is presumed that no condition, or combination of conditions, exists that will reasonably assure the appearance of the person and safety of the community.

Certain charges require a detention hearing, when requested by the Government, to determine whether any condition or combination of conditions will reasonably assure the appearance of such person as required and the safety of any other person and the community.  *See* 18 U.S.C. § 3142(f).  A case charging Possession with Intent To Distribute and Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)—which provides a maximum term of imprisonment of 40 years—requires a detention hearing when requested by the Government.  18 U.S.C. § 3142(f)(1)(C).  A case charging Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. section 922(g)(1) requires a detention hearing when requested by the government.  18 U.S.C. § 3142(f)(1)(E).

In evaluating whether a defendant should be detained pretrial, the court's finding that a defendant is a danger to the community must be supported by clear and convincing evidence, 18 U.S.C. § 3142(f)(2)(B), and the court's finding that a defendant is a risk of non-appearance need only be supported by a preponderance of the evidence, *Motamedi*, 767 F.2d at 1406.  "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)."  *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible.  *Id*.  Consideration of factors outside the articulated factors set forth in section 3142 is also disfavored.  *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as

U.S. MEMO ISO PRETRIAL DETENTION
CR 21-00345 BLF

3

whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## II.  OFFENSE CONDUCT

On August 15, 2017, Defendant sold 108.7 grams net weight of pure methamphetamine for $1000. Defendant committed the instant offense while on a grant of probation from state court for a drug use conviction that included drug treatment and required that Defendant "obey all laws" as well as refrain from drug use.

On July 23, 2021, at 2:30 am, Defendant was found in possession of .22 caliber, short barrel rifle in his backpack. At the time, he was found in the roadway, unaware of his surroundings, after a solo vehicle accident; fire department personnel found the rifle while searching his backpack for identification. He had an outstanding warrant for failing to appear and non-compliance of his state court probation.

## III.  CRIMINAL ACTIVITY AND HISTORY AND CHARACTERISTICS OF DEFENDANT

### A.  Criminal Convictions And Non-Appearances

Defendant has an extensive criminal history as set forth in the Pretrial Services' prebail study report at pages 6-13. The Government clarifies an ambiguity in that report, however, concerning Defendant's most recent offenses and custody status. On July 18, 2016, Defendant committed an assault on another inmate while he was in jail. On March 14, 2017 (listed as 03/04/2017 in report), Defendant pled guilty/no contest to violating California Penal Code § 245(a)(4)—felony Assault with a Deadly Weapon with Force: Possible Great Bodily Injury for that conduct. He was sentenced to additional time in jail, then found in violation of his probation for his misconduct that followed. On July 23, 2021, he was arrested for his warrant on that case (listed as 07/23/21 Charge 1), and then faced a separate case for his misconduct that day (listed as 07/23/21 Charge 2). At his arraignment the next day for that separate case, Defendant was placed on pretrial supervision, but likely remained in custody on the probation violation at that time. Then, on August 3, 2021 (as shown in the disposition column for the 08/09/2016 arrest), Defendant's probation was terminated due to a new California law (A.B. 1950) that reduced felony probation to a maximum of 2 years. Consequently, Defendant was placed into supervised release

for the separate case as ordered at his arraignment. On September 15, 2021, he failed to appear to his court date in the separate case, and a bench warrant for $15,000 issued. On September 23, 2021, Defendant was arrested on that warrant and bail was set at $15,000. Defendant has remained in custody since. As noted in the state court pretrial report for the separate case and as confirmed by a printout of state court non-appearances (called CJIC-JPQA), Defendant had at least four *other* bench warrants issued by judges of the Santa Clara Superior Court in the past three years (04/08/21; 03/03/21; 05/22/19; 01/16/18).

### B. Associated to San Jose Grande Street Gang, An Indicted RICO Enterprise

Defendant is an associate of San Jose Grande (SJG), a Norteño street gang formed in San Jose, California, in the 1990s, which is comprised of dozens of members operating primarily in and around San Jose (including the area near and around Backesto Park), as well as in custodial facilities. SJG members commit a wide variety of crimes for the benefit of SJG, as well as for the benefit of Norteños and the Nuestra Familia criminal organization generally. These crimes include, but are not limited to, murder, conspiracy to commit and attempted murder, robbery, obstruction of justice, witness intimidation, distribution of narcotics, and various firearms offenses. *See, e.g.*, No. CR-21-00312 EJD (indictment against six other SJG members, not Defendant, alleging a pattern of racketeering activity consisting of offenses involving (1) the distribution of controlled substances, (2) acts involving robbery; and (3) acts involving murder).

## IV. SECTION 3142(G) FACTORS WEIGH IN FAVOR OF DETENTION

Under 18 U.S.C. § 3142(g)(1), the nature and circumstances of the charged offense weigh in favor of detention. Defendant's conduct charged here is serious. Defendant sold almost four ounces of pure methamphetamine, and more recently was found in the middle of the night with a short barrel rifle, despite being a convicted felon with a history of violence. Moreover, Defendant was on at least one grant of probation at the time of the offense, but had absconded from his supervision at that time.

Under section 3142(g)(3) and (g)(4), Defendant's history and characteristics and the nature and seriousness of the danger posed to the community upon release favor detention. Of note, Defendant's past conduct, criminal history, and poor performance on probation all support that conclusion.

A "flight risk" analysis, primarily concerned with reasonably assuring the appearance of the

defendant so that the judicial proceedings may proceed, support detention. Defendant has historically failed to comply with the terms of supervision while on release—whether pretrial release or post-conviction probation or supervision—by failing to appear for his court proceedings and committing new law violations. Defendant's recent history—particularly the fact that he recently absconded from supervised pretrial release just two months ago—provides a fresh data point to his long history of failing to comply with the conditions of pretrial release, court supervision, and refusals to appear at court proceedings as required. This poor track record is a good predictor that he will do so again here. There is no rational reason to think that, given his most recent history, Defendant could be effectively supervised by pretrial services and would appear for court in these federal proceedings. On this record, Defendant cannot show that any condition or combination of conditions can assure his attendance at the court proceedings in this case.

The above shows Defendant is not amendable to pretrial supervision, poses a serious risk of non-appearance, and is a danger to the community under the section 3142(g) factors.

## V.   CONCLUSION

For the foregoing reasons, the Court should grant the government's motion for a detention hearing and further grant the government's motion to detain Defendant pending trial.

DATED: November 4, 2021　　　　　　　　　Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

　　　*/s/ Daniel N. Kassabian*
CHRISTOFFER LEE
Assistant United States Attorney
DANIEL N. KASSABIAN
Special Assistant United States Attorney