ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRISTOFFER LEE (CABN 280360)
DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone:   (415) 436-7200
   FAX:   (415) 436-7234
   christoffer.lee@usdoj.gov
   daniel.kassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FELIPE MUNOZ, aka "Shark," <br><br> Defendant. | Case No. CR 21-00345 YGR <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Date: May 11, 2023 <br> Time: 9:00 a.m. <br> Ctrm: 1, 4th Floor <br> Judge: The Honorable Yvonne Gonzalez Rogers |

**I.  SYNOPSIS**

The United States respectfully submits this Sentencing Memorandum for defendant Filipe Munoz. He has pleaded guilty to one count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)—Possession with Intent to Distribute and Distribution of 50 Grams and More of Methamphetamine—for selling approximately 110 grams net (3.88 oz.) of almost pure methamphetamine on August 15, 2017. He also has pleaded guilty to one count of 18 U.S.C. § 922(g)(1)—Felon in Possession of a Firearm—for his illegal possession of a short-barrel rifle on July 23, 2021. Per the guidelines, Mr. Munoz's combined offense level is 29 and his criminal history category is VI, for a guidelines range of 151-188 months imprisonment. The government and Mr. Munoz entered into a plea agreement under Fed. R.

Crim. Proc. 11(c)(1)(B), wherein the government agreed to recommend a sentence of 84 months (7 years) imprisonment pursuant to 18 U.S.C. § 3553(a). The government does so here.

## II. BACKGROUND ON DEFENDANT MUNOZ

Mr. Munoz is 33-years old. He has been in and out of prison and jail since he was 19-years old. He became a father at 30-years old, but his criminal conduct continued despite this. The most serious of his offenses occurred on July 18, 2016, when Mr. Munoz was 26-years old. He committed an assault on another inmate while in jail; he then pled guilty/no contest to violating Cal. Penal Code § 245(a)(4)—felony Assault with a Deadly Weapon with Force: Possible Great Bodily Injury—for that conduct. Before that, he committed a felony narcotics sales offense in 2009 at age 19, then did so again in 2011 at age 21, resulting in 16 month and 2-year prison sentences, respectively.

## III. OFFENSE CONDUCT

The offense conduct, restated from the parties' plea agreement, is as follows:

Count One:  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)

On August 14 and 15, 2017, Person-1 (a confidential source) and Person-2 communicated regarding the purchase of 3 ounces ("zips") of methamphetamine for $1,000. Person-2 then asked Mr. Munoz to supply the methamphetamine for the sale; Mr. Munoz agreed. At approximately 2:13 p.m. on August 15, 2017, Mr. Munoz went to a house on the 4000 block of San Simeon Way in San Jose, California, and met Person-1. Mr. Munoz told Person-1 to wait in the backyard of the house. Person-2 then arrived at the house. Person-2 asked if Mr. Munoz had the methamphetamine on him, and Mr. Munoz explained that it would arrive shortly. A few minutes later, a white SUV arrived at the residence. Person-1 gave Mr. Munoz $1,000. Mr. Munoz counted the money, and then entered the white SUV, which then drove around the corner. In the white SUV, Mr. Munoz used some of the money to purchase the methamphetamine he intended to sell to Person-1. Mr. Munoz then exited the white SUV and gave Person-1 a clear plastic bag containing the methamphetamine that Person-1 had purchased for $1,000. The U.S. Drug Enforcement Administration lab determined the substance Mr. Munoz sold was methamphetamine with a net weight of 110.0 grams ±0.2 grams, with a purity of 98% ±4%, for a total amount of pure methamphetamine of 108.7 grams ±4.1 grams.

Count Two:  18 U.S.C. § 922(g)(1)

On July 23, 2021, in the early morning, Mr. Munoz was involved in a solo motorcycle accident near the intersection of Branham Lane and Via De Caballe in San Jose.  He had a backpack in his possession containing a SQUIRES BINGHAM model 20, .22 Long Rifle, which had the serial number removed.  Its barrel had been cut down, as well as the stock; the rifle had a barrel length of only 11.5 inches.  Because of this modification reducing the barrel's length, the rifle Mr. Munoz possessed was a short-barreled rifle, as defined by 26 U.S.C. § 5845(a).  At the time he possessed the rifle, Mr. Munoz knew that he was a prohibited person, as defined in U.S.S.G. § 2K2.1(a)(3), and also knew that he was a felon.

## IV. SENTENCING RECOMMENDATION

The government recommends that the Court sentence Mr. Munoz to 84 months (7 years) imprisonment.  Considering the factors set forth in 18 U.S.C. § 3553(a), the government believes this proposed sentence is sufficient, but not greater than necessary, to fulfill the needs of sentencing.  First, Mr. Munoz's crimes are serious.  18 U.S.C. § 3553(a)(2)(A).  He sold almost four ounces of very pure methamphetamine, and four years later was a convicted felon in possession of a short-barreled rifle.  The recommendation reflects Mr. Munoz's continuing felony conduct.  18 U.S.C. § 3553(a)(1).  The period of incarceration also will protect the public during that time.  *Id*. § 3553(a)(2)(C).

DATED:  May 4, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/*
DANIEL N. KASSABIAN
Assistant United States Attorney
2080-9250-8160, v. 2